NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SHANE HOPKINS, Plaintiff, v. CASSANDRA DiCRISTI, et al., Defendants. | : | Civil No. 13-5490 (JBS) **OPINION** |

**APPEARANCES:**

Shane Hopkins, *Pro Se*
#111265-C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**SIMANDLE, Chief Judge**

Pending before this Court is a motion for a temporary restraining order ("TRO") and preliminary injunction (Docket Item 41) filed by Plaintiff, Shane Hopkins, currently incarcerated at the New Jersey State Prison, Trenton, New Jersey.

On September 12, 2013, Plaintiff filed this complaint alleging violations of his constitutional rights (Docket Item 1). He asserts that his rights under the Interstate Agreement on Detainers ("IAD") have been violated. On August 11, 2014, he filed this Motion (Docket

Item 41) to which Defendants responded on September 9, 2014 (Docket Item 52). This Court has reviewed the papers, and for the following reasons, the motion is denied.

**BACKGROUND**

In the motion, Plaintiff states that on July 20, 2014, he sent letters to appropriate officials requesting that the Department of Corrections submit paperwork requesting disposition of his outstanding charges to the Commonwealth of Virginia. (Motion, Docket Item 41 at ¶ 3). At the time he filed the motion, Department officials had not done so (*Id.* at ¶ 7). Plaintiff argues that the failure of Department officials to act is "actively preventing the Plaintiff from obtaining a speedy trial." (*Id.* at ¶ 8).

Defendants responded first with a letter, filed September 2, 2014 (Docket Item 47), informing the Court that they were in the process of providing required forms to Plaintiff, and asking for a seven day extension to submit a declaration as to such. This Court granted the request on September 3, 2014 by letter and noted that Defendants' opposition to the motion would be due by September 9, 2014 (Docket Item 48). On September 9, 2014, Defendants filed a response opposing the motion for the TRO and attaching the Declaration of Marshall Fletcher ("Fletcher Decl."), Classifications Officer at New Jersey State Prison (Docket Item 52).

Mr. Fletcher declares that he served Plaintiff with the required paperwork. Attached to the Declaration are exhibits that evidence the service of the IAD paperwork.

**DISCUSSION**

Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health v. Johnson & Johnson—Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (quotation and citation omitted). The "well-settled" standard of review in this circuit for a party seeking a preliminary injunction was recently observed in *Starego v. New Jersey State Interscholastic Athletic Ass'n*, 970 F. Supp.2d 303, 307 (D.N.J. 2013). Namely, to secure the extraordinary relief of a preliminary injunction or temporary restraining order, Plaintiff must show: (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the non-moving party; and (4) that the public interest favors such relief. *See id.* (citing *Conestoga Wood Specialties Corp. v. Sec'y of the U.S. Health and Serv.*, 724 F.3d 377, 382 (3d Cir. 2013); *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The Third Circuit has further instructed, and freshly reconfirmed, that

a plaintiff seeking an injunction must meet all four criteria, as "[a] plaintiffs failure to establish any element in its favor renders a preliminary injunction inappropriate." *Conestoga*, 724 F.3d at 382 (quoting *NutraSweet Co. v. Vit–Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).

Here, Plaintiff's motion seeks "an order directing the Defendants to promptly complete all necessary paperwork and promptly forward the completed paperwork to the appropriate officials within the State of Virginia via certified mail return receipt requested." (Motion, Docket Item 41 at ¶ 10).

Defendants state in opposition to the motion: "Plaintiff has now been provided with the necessary [paperwork] to request disposition of his detainer." Further, Defendants note that: "Finally, pursuant to N.J.A.C. § 10A:10-4.5, Plaintiff must now complete and submit Form II to the Classification Department before it can complete the process." (Opposition, Docket Item 52).

Additionally, in an earlier letter from Defendants attaching the Declaration of Cassandra DeCristi, Supervising Classification Officer (Docket Item 47, "DeCristi Decl."), Defendants point out that the Commonwealth of Virginia was contacted by the Classifications Department on June 3, 2014 as to pending charges against Plaintiff (DeCristi Decl. at ¶ 6, Exhibit B). Virginia's county attorney

responded to the Classification Department that Plaintiff's charges were still outstanding, but refused to extradite him until he is finished serving his New Jersey sentence (*Id.* at ¶ 7, Exhibit C). Plaintiff was advised of Virginia's response and the intention to extradite him after release from New Jersey custody by memo dated July 9, 2014 (*Id.* at ¶ 8, Exhibit D).

It is well established that "the federal courts may not decide an issue unless it presents a live case or controversy." *Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993). There is a venerable, narrow exception to this rule for conditions "capable of repetition, yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). That exception has two requirements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable likelihood that the same complaining party would be subjected to the same action again." *Abdul–Akbar*, 4 F.3d at 206 (quoting *Weinstein v. Bradford*, 423 U.S. 147 (1975); *see also Ghana v. New v. Jersey State Parole Bd.*, 2011 WL 3608633 (D.N.J. Aug. 15, 2011).

In this case, Plaintiff requested Defendants' compliance with the IAD, including paperwork to submit his requests. Defendants have complied with the request. Since Plaintiff's request in this motion

was for a specific, directed purpose, and Plaintiff has been provided all he sought in the motion, the motion will be dismissed as moot.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a TRO and preliminary injunction (Docket Item 41) is hereby dismissed as moot. An appropriate Order accompanies this Opinion.

**s/ Jerome B. Simandle**
JERNOME B. SIMANDLE, Chief Judge
United States District Court

Dated: **September 22, 2014**