IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANE HOPKINS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 13-5490 (JBS/KMW) |
| CASSANDRA DICRISTI, et al., | |
| Defendants. | OPINION |

APPEARANCES:

SHANE HOPKINS
111265-C/684706
New Jersey State Prison
P.O. Box 861
Trenton, NJ  08625
     Plaintiff, Pro Se

JAMES T. DUGAN, ATLANTIC COUNTY COUNSEL
ATLANTIC COUNTY DEPARTMENT OF LAW
1333 Atlantic Avenue, 8th Floor
Atlantic City, New Jersey 08401
     Attorney for Defendant Joseph Bondiskey

**SIMANDLE, Chief Judge:**

## I.   INTRODUCTION

This matter comes before the Court on Defendant Joseph Bondiskey's ("Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (Docket Entry 39). Pro se Plaintiff Shane Hopkins ("Plaintiff") did not file an opposition to Defendant's motion. This motion is being considered on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below,

Defendant's motion shall be granted as Plaintiff has failed to state a claim upon which relief can be granted.

## II.  BACKGROUND

### A. Procedural History

On September 12, 2013, Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 alleging his constitutional rights under the Interstate Agreement on Detainers ("IAD") were violated by Joseph Bondiskey, the Warden/Administrator of the Atlantic County Justice Facility ("ACJF"), and other New Jersey Department of Corrections employees. (Docket Entry 1).

Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on December 12, 2013, (Docket Entry 9), and Plaintiff filed an opposition on December 30, 2013, (Docket Entry 13). Before this Court ruled on the Motion to Dismiss, Plaintiff filed a Motion to Amend the Complaint on June 2, 2014. (Docket Entry 26). Magistrate Judge Karen M. Williams granted the motion and filed the amended complaint on July 18, 2014. (Docket Entries 35 and 36). By Order dated September 16, 2014, this Court dismissed Defendant's dismissal motion as moot. (Docket Entry 53).

Defendant filed the instant Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on August 5,

2014. (Docket Entry 39). Plaintiff did not refile his opposition to the motion.[1]

**B. <u>Factual Background</u>**

    *1.   Allegations in the Pleadings*

    Plaintiff, a convicted prisoner presently incarcerated in the New Jersey State Prison, was arrested and detained in the ACJF on January 14, 2011, pending trial on charges of burglary. (Docket Entry 36 ¶ 16). Shortly after Plaintiff's arrival, John Doe ACJF officials ran Plaintiff's name through the National Crime Information Center database and learned there were outstanding warrants for Plaintiff's arrest from Pennsylvania, Virginia, and South Carolina. (Docket Entry 36 ¶¶ 17-18). An unidentified ACJF official informed Plaintiff about these charges on or about January 20, 2011. (Docket Entry 36 ¶ 19). On that same date, Plaintiff requested "a list of all outstanding warrents [sic] and detainers" filed against him. (Docket Entry 36 ¶ 20). Plaintiff received a response to his request on February 1, 2011, stating "records does not provide system checks of outstanding matters." (Docket Entry 36 ¶ 21).

---

[1] Plaintiff has not filed opposition addressed to this second dismissal motion.  The Court has reviewed Plaintiff's opposition to the first motion to dismiss, (Docket Entry 13).  The Court deems Plaintiff's opposition as refiled with regard to the renewed motion to dismiss.

Plaintiff pled guilty to two counts of third-degree burglary, N.J. STAT. ANN. ¶ 2C:18-2 (West, Westlaw through 2015, c. 24); and two counts of third-degree theft, N.J. STAT. ANN. ¶ 2C:20-3 (West, Westlaw through 2015, c. 24), on March 2, 2011. (Docket Entry 36 at 39-45). As part of the plea bargain, the prosecutor agreed to recommend that "if extradited – [Hopkins] to be entitled to all lawful credit in NJ." (Docket Entry 36 at 41). On April 27, 2011, the trial court sentenced Plaintiff to three years on each count to run concurrently with each other and the Pennsylvania charges. (Docket Entry 36 at 43).

Plaintiff alleges that while detained in the ACJF, Defendant Bondiskey failed to notify him of his right to request final disposition of the out of state detainers pursuant to the IAD. He was transferred out of ACJF to the Central Reception and Assignment Facility ("CRAF") on May 5, 2011. (Docket Entry 36 ¶ 28).

2.   *Defendant's Statement of Facts*

Defendant Bondiskey argues that during Plaintiff's period of detention at ACJF, he was a pretrial detainee and not a convicted state prisoner. (Docket Entry 39 ¶ 1). He states that he had no obligations to Plaintiff under the IAD as the agreement does not apply to pretrial detainees. (Docket Entry 9 at ¶ 8). In addition, he asserts Plaintiff failed to exhaust his

4

administrative remedies at ACJF, thereby precluding judicial review of Plaintiff's claims. (Docket Entry 39 at ¶ 9).

## III. STANDARD OF REVIEW

A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotation omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

The IAD is an interstate compact entered into by the majority of states, including New Jersey, for the purposes of "creat[ing] uniform procedures for resolving one State's pending

5

charges against an individual imprisoned by another State."
*United States v. Hornick*, 491 Fed. Appx. 277, 281-82 (3d Cir.
2012) (citing *Alabama v. Bozeman,* 533 U.S. 146, 148 (2001); *New
York v. Hill,* 528 U.S. 110, 111 (2000)), *cert. denied*, 133 S.
Ct. 1290 (2013); *see also* 18 U.S.C. App. 2, § 2; N.J. STAT. ANN. §
2A:159A-1 *et seq.* (West, Westlaw current through L. 2015, c.
24). Article III of the IAD extends to "person[s] . . .
enter[ing] upon a term of imprisonment in a penal or
correctional institution of a party State," and against whom a
detainer is lodged by another state, the right to demand final
disposition on the pending charges within 180 days of release to
the charging jurisdiction unless good cause exists for a
continuance. 18 U.S.C. App. 2, § 2, Art. III(a).

The IAD also imposes obligations upon prison officials to
assist in the orderly and efficient transfer of prisoners for
disposition of out-of-state detainers. Upon learning of a
detainer lodged against a prisoner in their custody, the
official having custody of a prisoner "shall promptly inform
[the prisoner] of the source and contents of any detainer lodged
against him and . . . of his right to make a request for final
disposition of the indictment, information, or complaint on
which the detainer is based." 18 U.S.C. App. 2, § 2, Art.
III(c).  The IAD further provides:

> Any request for final disposition made by a prisoner . . . shall operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against the prisoner from the State to whose prosecuting official the request for final disposition is specifically directed. The warden, commissioner of corrections, or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the State to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner.

18 U.S.C. App. 2, § 2, Art. III(d). Plaintiff claims Defendant Bondiskey failed in these obligations. (Docket Entry 36 ¶¶ 24-27).

Although Plaintiff is presently a serving a term of imprisonment on his 2011 charges, at the time he was in the ACJF he was a pretrial detainee. "Courts have consistently have held that the IAD applies only to convicted prisoners and not to pretrial detainees." *United States v. Milhollan*, 599 F.2d 518, 528 (3d Cir. 1979) (citing *United States v. Dobson*, 585 F.2d 55, 58 (3d Cir. 1978); *United States v. Harris*, 566 F.2d 610, 613 (8th Cir. 1977); *United States v. Roberts*, 548 F.2d 665, 669 (6th Cir.), *cert. denied*, 431 U.S. 931 (1977)), *cert. denied*, 444 U.S. 909 (1979); *see also* N.J. ADMIN. CODE § 10A:10-4.3(a)(2) (stating IAD may be used by New Jersey state prisoner provided "the inmate against whom the detainer has been filed is serving a term of imprisonment for a criminal conviction"). Therefore even assuming Plaintiff's allegations regarding the conduct of Defendant Bondiskey are true, the IAD does not provide Plaintiff a basis for

7

relief. *See United States v. Hornick*, 491 F. Appx. 277, 283 (3d Cir. 2012), *cert. denied*, 133 S. Ct. 1290 (2013) (noting IAD was not triggered during pretrial detention). Defendant's motion to dismiss is therefore granted as the amended complaint fails to state a claim upon which relief can be granted.[2]

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is granted. An accompanying Order will be entered.

**March 30, 2015**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge

---

[2] As the IAD does not apply to pretrial detainees, it is unnecessary to address Defendant's affirmative defense thpat Plaintiff failed to exhaust his administrative remedies.